THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

SHAWN JOHNSON,

    Plaintiff,

v.

FARM BUREAU MUTUAL INSURANCE
COMPANY,

    Defendant.

Cause No. 4:12-cv-00622-SNLJ

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS
## MOTION TO COMPEL DISCOVERY AND RULE ON DEFENDANT'S OBJECTIONS

COMES NOW Plaintiff Shawn Johnson ("Plaintiff"), by and through undersigned counsel, and pursuant to Federal Rules of Civil Procedure 26 and 33 and Local Rule 7 - 4.01, hereby files his Memorandum in Support of his Motion to Compel Discovery and Rule on Defendant Farm Bureau Mutual Insurance Company's ("Defendant") Objections, stating as follows:

### INTRODUCTION

The matter currently before the Court is Plaintiff's Motion to Compel Discovery and Rule on Defendant's Objections, arising from a discovery dispute over Plaintiff's Interrogatories and Requests for Production.

Plaintiff was injured in a motor vehicle collision on November 20, 2009, when the vehicle he was operating was rear-ended by Kevin Brothers, an underinsured motorist. At the time of the collision an automobile insurance policy purchased by Brett Grimm from Defendant provided underinsured motorist coverage for the vehicle that Plaintiff was driving. Following his

1

recovery of Kevin Brothers' policy limits, Plaintiff made a claim for payment to Defendant, pursuant to the underinsured motorist coverage. Defendant denied Plaintiff's claim for payment, resulting in the present litigation, which includes a claim for vexatious refusal to pay. In prosecuting his case, Plaintiff propounded written discovery to Defendant, requesting information related to Defendant's pre-suit investigation of his claims. Defendant objected and refused to provide the requested information. *See* Exhibits 1 and 2. Plaintiff made a good faith effort to resolve this dispute, both in writing and via telephone conference with Defendant's counsel. Exhibit 3. Defendant refused to withdraw its objections, forcing Plaintiff to file the present Motion.

Among the requested documents, Plaintiff seeks Defendant's claims manual, as well as information related to how Defendant handled his claim. This information is exceptionally probative to Plaintiff's case, particularly in light of Plaintiff's count for vexatious refusal to pay. Moreover, Missouri and Federal law is clear that Defendant cannot claim neither attorney-client communication nor work product privileges over information created prior to the initiation of litigation. Defendant's objections have been explicitly held meritless by prior cases, and, therefore, must be overruled.

## LAW AND ARGUMENT

### I. Standard of Review

Federal Rule of Civil Procedure 26(b) allows parties to "obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Rule 33 allows for written interrogatories on the same matters covered by Rule 26(b). In objecting to Plaintiff's

2

discovery requests, Defendant asserts both the attorney-client communication privilege and the work product doctrine.

The attorney-client privilege protects the confidentiality of communications between attorney and client, made for the purpose of obtaining legal advice. In a diversity action, state law determines both the existence and scope of the attorney-client privilege. Fed.R.Evid. 501; *Gray v. Bicknell*, 86 F.3d 1472, 1482 (8th Cir.1996); *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)("Except in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state."). Under Missouri law, the test for whether information is protected as attorney-client communication is: "(1) the attorney-client relationship must have existed at the time the communication was made or advice given; (2) the attorney-client relationship must have existed as to the subject matter of the communication or advice, or (3) the communication must have been made to the attorney in his professional capacity and on account of the attorney-client relationship." *Board of Registration for Healing Arts v. Spinden*, 798 S.W.2d 472, 475 (Mo. Ct. App. 1990) citing (*State ex rel. Great Am. Ins. Co. v. Smith*, 574 S.W.2d 379, 386 (Mo en banc 1978)).

For work product claims in diversity cases, such as this one, courts must apply federal law. *Baker v. Gen. Motors Corp.*, 209 F.3d 1051, 1053 (8th Cir.2000). Rule 26 states that the court will "protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Fed.R.Civ.P. 26(b)(3). "In order to prevail on its claim that the statements in question are not protected by the work-product rule, plaintiff must show that the materials were 1) not prepared in anticipation of litigation or for trial, or 2) a substantial need exists for the materials in question, in conjunction with plaintiff's inability to obtain the substantial equivalent of the materials by other means."

3

*Fontaine v. Sunflower Beef Carrier, Inc.*, 87 F.R.D. 89, 91 (E.D.Mo.1980) (citing Rule 26(b)(3)).

The Eighth Circuit makes a "a factual determination," which asks:

> [W]hether, in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation. But the converse of this is that even though litigation is already in prospect, there is no work product immunity for documents prepared in the regular course of business rather than for purposes of litigation. *Simon v. G.D. Searle & Co.*, 816 F.2d 397, 401 (8th Cir.1987)(internal citations omitted).

The Advisory Committee notes for Rule 26(b)(3) also indicate that "[m]aterials assembled in the ordinary course of business ... or for other nonlitigation purposes" are **not subject to qualified immunity under the Rule**.

At the heart of this discovery dispute is the discovery of Defendant's claims manual and associated claims file, specific to Plaintiff's claim. The Missouri Supreme Court specifically decided the issue of discoverability of claims files in *Grewell v. State Farm Mutual Automobile Ins. Co., Inc.*, 102 S.W.3d 33 (Mo. 2003). Like the case at hand, the insurer argued that the contents of the insured's claim file were protected by the work product doctrine and attorney-client privileges. *Id.* at 35. The Court rejected these arguments noting the claims file belongs to the insured (not the insurer); therefore, the insured "should be provided free and open access to that file." *Id.* at 36. In reaching its decision, the court analogized the claims file to a client's legal file. This issue has already been decided at the Federal level in *McConnell v. Farmers Ins. Co.*, 2008 WL 510392 (W.D. Mo.). The Eastern District of Missouri has adopted *McConnell's* approach in such situations. *Folk v. State Farm Mutual Auto. Ins. Co.*, 2010 WL 3620477, *1 (E.D. Mo.). *See* Memorandum and Order, attached, hereto as Exhibit 4. Pursuant to the clear language of *Grewell* and *McConnell*, the entire claims file created **before suit** was filed must be produced.

II. **Argument**

The purpose of the discovery process is to give parties access to relevant, non-privileged information, while reducing expense and burden as much as is feasible. *State ex rel. Ford Motor Company v. Messina*, 71 S.W.3d 602, 606 (Mo. banc 2002). However, Defendant's assertions of privilege, where none exist, and over-reaching objections obstruct that purpose. The main thrust of Plaintiff's written discovery seeks the production of Defendant's claims file created for Plaintiff's claim, as well as the processes and procedures pertinent to Defendant's handling of that claim. Defendant has filed numerous objections to Plaintiff's written requests, even to the point that certain objections contradict information provided in other responses. These objections are particularly inappropriate in light of Plaintiff's vexatious refusal claim and stand in stark contrast to Missouri and Federal Law on this issue.

Prior to addressing each of Defendant's objections, a brief discussion of the attorney-client communication and work product privileges demonstrates that they are inapplicable to the requested information.

### A. Defendant Cannot Assert The Attorney-Client Privilege For Information Collected/Created Prior To Retaining Counsel

A number of Defendant's objections claim that its pre-litigation investigation and claims handling practices are subject to attorney-client communication. Importantly, under Missouri law, the attorney-client privilege cannot be asserted unless the attorney-client relationship existed at the time the information was shared. *State ex rel. Great Am. Ins. Co.* 574 S.W.2d at 387. Moreover, the privilege does not protect facts communicated to an attorney. *Upjohn Co. v. United States*, 449 U.S. 383, 395-96 (1981).

Plaintiff is not seeking information created subsequent to his filing, but Defendant objects to producing information obtained and/or created prior to hiring counsel, as well as releasing facts it investigated. Practically speaking, Defendant did not retain counsel until Plaintiff filed a lawsuit. Since, an attorney-client communication cannot exist without an attorney, the information gathered and created before Plaintiff filed a lawsuit is not protected by any communication privilege. Moreover, if any privileged communications took place, pre-suit, it was between Plaintiff and Defendant. "Once there is communication between the insured and insurer, an attorney-client-like relationship is established, and any claim file that results **belongs to the insured**." *McConnell*, 2008 WL 510392, 2 (emphasis added). Consequently, Defendant cannot withhold information that rightfully belongs to Plaintiff.

### B. Defendant Cannot Assert The Work Product Privilege For Information Collected/Created Prior to Retaining Counsel And For Documents Created In The Regular Course and Scope Of Its Business.

Much like its claim of attorney-client privilege, Defendant objects to producing information as work product, despite the information being created prior to retaining counsel. Defendant handles insurance claims, just like Plaintiff's, in the regular course of its business. These claimants are often Defendant's customers - not its adversaries. As such, it cannot claim that a claims file was created in "anticipation of litigation." "An insurer's decision to decline coverage is typically the point at which the ordinary course of business ends and the anticipation of litigation begins." *McConnell*, 2008 WL 510392, 2. Further, Defendant's claims manual and compensation packages for adjusters were created well before any claims were filed. These are guidelines for how claims are supposed to be handled. At the very least, Plaintiff is entitled to review these documents, as they are directly related to his claim for vexatious refusal to pay his claim.

Prior to the lawsuit, Plaintiff's claim was presumably handled in the normal course and scope of Defendant's business. Both logically, and under the Missouri Insurance Regulations, an insurer has a duty to investigate a claim once it is made. *See* Mo. 20 C.S.R. 100, *et. seq.*. Naturally, every claim investigated is not litigated. Missouri law is well established that "the work product doctrine protects materials prepared in anticipation of litigation, **but the mere likelihood of suit is not sufficient to invoke the privilege. Materials prepared in the ordinary course of business do not fall within the exception.**" *Board of Registration for Healing Arts v. Spinden*, 798 S.W.2d 472 (Mo. Ct. App. 1990) (Emphasis Supplied). Since the claims file and the claims manual are created and maintained during its investigations, and in the regular course and scope of Defendant's business, it cannot assert a work product privilege to withhold such information in discovery. Subsequently, Defendant's objections of privilege must be overruled.

### C. Plaintiff Has A Substantial Need For The Requested Materials.

Assuming, *in arguendo*, that Defendant's claims of privilege could and do apply to the requested information, Plaintiff has a substantial need of the information and can get the information from no other source. This is especially true in light of his vexatious refusal to pay claim. Defendant's claim file contains information that will be used to establish that Defendant refused to pay Plaintiff's claim "without reasonable cause or excuse." It will also demonstrate the level of investigation that Defendant performed to determine the fair and reasonable value of Plaintiff's claim. Defendant's claim file is particularly reasonably calculated to lead to the discovery of admissible evidence to demonstrate its state of mind for purposes of the vexatious refusal to pay claim. An insured in a first-party bad faith action is entitled to discover the entire claim file kept by the insurer because "[u]nder ordinary circumstances, **a first-party bad faith**

7

claim can be proved only by showing the manner in which the claim was processed, and <u>the claims file contains the sole source of much of the needed information</u>." *Silva v. Fire Ins. Exchange*, 112 F.R.D. 699 (D. Mon. 1986) (Emphasis Supplied). *See also Silva v. Basin Western, Inc.*, 47 P.3d 1184, 1191-1193 (Col. 2002) (where court extensively explained the difference between the discoverability of reserves in the context of a first-party versus third-party action); *North River Ins. Co. v. Greater New York Mutual Ins. Co.*, 872 F.Supp. 1411 (E.D. Penn. 1995) (reserve information discoverable where claim of bad faith is made against defendant-insurer); *Culbertson v. Shelter Mutual Ins. Co.*, 1998 WL 743592 (E.D. La. 1998) (reserve information discoverable to demonstrate the "thoroughness with which defendant investigated and considered plaintiff's loss"); *Tayler v. Travelers Ins. Co.*, 183 F.R.D. 67 (N.D.N.Y. 1998) (where court ruled that the entire claim file in uninsured motorist case was discoverable due to the nature of a first-party action).

Again the law is clear on this point: "[Plaintiff] is unable to obtain the substantial equivalent by other means because the [claims file] certainly includes present sense impressions and contemporary statements containing information considered in denial of the claim. The information is relevant and calculated to lead to discovery of admissible evidence." *McConnell*, 2008 WL 510392, 3 citing (*O'Boyle v. Life Insurance Co. of North America*, 299 F.Supp. 704 (W.D.Mo.1969)(internal citations omitted)). For all the reasons set forth above, the entire, un-redacted claims file before suit was filed should be produced.

D. **Individual Discovery Disputes.**

Interrogatory #3

Defendant objects to identifying Plaintiff's own statements, while claiming it possesses no such statements. First, its assertion that it does not possess any statements contradicts other

8

answers, wherein Defendant produces statements made on behalf of Plaintiff. Second, a party is entitled to his own statements that have been obtained by the other party. *Steelman v. U. S. Fid. & Guar. Co.*, 35 F.R.D. 120, 121 (W.D. Mo. 1964) quoting (4 Moore, Federal Practice § 34.08, pp. 2454–55). Therefore, Defendant's objection must be struck and a substantive response entered.

Interrogatory #13

Defendant objects to identifying whether the individuals involved in evaluating and/or adjusting Plaintiff's claim for loss received any bonuses or fringe benefits based upon the way they evaluate claims on the basis that such request is irrelevant. If the people responsible for evaluating an insured's claim are compensated in some way for diminishing that claim, such is proof of Plaintiff's vexatious refusal claim. At the very least the answer to this Interrogatory is highly relevant and probative. Relevancy must be broadly construed for discovery issues and is not limited to the precise issues set out in the pleadings. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Relevancy has been defined as "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Id.*. Plaintiff's interrogatory is relevant if there is any possibility that the information may be relevant to the general subject matter of the action, and the motivations of the Defendant's employees to devalue or unfairly adjust Plaintiff's claims are at the heart of this litigation. Therefore, Defendant's objection must be struck and a substantive response entered.

Interrogatories #16 and #17

Defendant objects to answering whether it extended a settlement offer after expiration of Plaintiff's demand on the basis that such information is attorney-client communication and work product. As previously stated, the privilege cannot exist before the attorney-client relationship

9

begins, and work product cannot apply prior to the anticipation of litigation or to documents created in the regular course and scope of Defendant's business. The information requested by this Interrogatory would be part of the claims file, and, therefore, Plaintiff is entitled to review it. *McConnell*, 2008 WL 510392, 2. Notably, Defendant does provide an answer to this Interrogatory, but that response is subject to the objections. Therefore, Defendant's objections must be struck and a substantive response entered.

Interrogatory #19

Defendant objects to providing information as to when it first received notice of Plaintiff's loss on the basis that such information is attorney-client communication and work product. As previously stated, the privilege cannot exist before the attorney-client relationship begins, and work product cannot apply prior to the anticipation of litigation or to documents created in the regular course and scope of Defendant's business. The information requested by this Interrogatory would be part of the claims file, and, therefore, Plaintiff is entitled to review it. *McConnell*, 2008 WL 510392, 2. Defendant cannot possibly maintain that it was anticipating litigation even before it received notice of Plaintiff's loss. In fact, insureds under Defendant's policy are **required** to notify Defendant about the loss and potential claims. Notably, Defendant does provide an answer, but that response is subject to the objection. Therefore, Defendant's objection must be struck and a substantive response entered.

Interrogatories #23 and #24

Defendant also objects to identifying any information related to vexatious refusal to pay claims filed against Defendant in Missouri and arising out of automobile crashes, on the basis that it is overly broad and unduly burdensome. Several courts have determined that where the discovery requests are relevant, the fact that answering them will be burdensome and expensive

is not in itself a reason for a court's refusing to order discovery which is otherwise appropriate. *See In re Folding Carton Antitrust Litigation*, 83 F.R.D. 260, 265 (N.D.Ill.1979); *Alexander v. Parsons*, 75 F.R.D. 536, 539 (W.D.Mich.1977); *Burns v. Imagine Films Entm't, Inc.*, 164 F.R.D. 589, 593 (W.D.N.Y.1996); *United States v. Nysco Labs., Inc.*, 26 F.R.D. 159, 161-62 (E.D.N.Y.1960) and *Rogers v. Tri-State Materials Corp.*, 51 F.R.D. 234, 245 (N.D.W.Va.1970) (stating that "[i]nterrogatories, otherwise relevant, are not objectionable and oppressive simply on grounds [that] they may cause the answering party work, research and expense").

These interrogatories are reasonably and narrowly tailored to discover whether there is a pattern of behavior or culture within Defendant's business in Missouri that demonstrates violations of the Missouri Insurance Regulations and Defendant's contracts with its customers for automobile crashes. Upon information and belief, this information is readily available to Defendant and easily accessible, at minimal to no cost, making its objections inaccurate. Therefore, Defendant's objections must be struck and a substantive response entered.

Interrogatory #25

Defendant objects to identifying what manuals, procedures or other documents would have be used or relied upon to evaluate Plaintiff's claim for payment, prior to suit on the basis that it is overly broad and unduly burdensome. Such objection simply makes no sense, as Defendant must provide this same material to its own adjusters. It would require minimal effort and expense to send a copy of this material to Plaintiff in discovery. Again, establishing what policies and procedures Defendant had in place is crucial to determine whether those procedures comply with the Missouri Insurance Regulations and if Defendant followed them while handlgin Plaintiff's claim. Therefore, Defendant's objection must be struck and a substantive response entered.

Request #6

Defendant objects to producing any documents created pre-suit that memorialize Plaintiff's claim and/or loss on the basis that such information is attorney-client communication and work product. As previously stated, the privilege cannot exist before the attorney-client relationship begins, and work product cannot apply prior to the anticipation of litigation or to documents created in the regular course and scope of Defendant's business. The information requested by this Interrogatory would be part of the claims file, and, therefore, Plaintiff is entitled to review it. *McConnell*, 2008 WL 510392, 2. Plaintiff is entitled to see if and how Defendant recorded his loss and claim for payment, prior to filing a lawsuit. Therefore, Defendant's objection must be struck and a substantive response entered.

Request #7

Defendant does not provide any objection, but its response is inconsistent with other discovery answers, wherein it produces or references statements made by Plaintiff or on Plaintiff's behalf. Therefore, Defendant's objection must be struck and a substantive response entered.

Request #13

Defendant objects to producing any documents created pre-suit that memorialize Plaintiff's claim, loss, or statements on the basis that such information is attorney-client communication and work product. As previously stated, the privilege cannot exist before the attorney-client relationship begins, and work product cannot apply prior to the anticipation of litigation or to documents created in the regular course and scope of Defendant's business. The information requested by this Interrogatory would be part of the claims file, and, therefore, Plaintiff is entitled to review it. *McConnell*, 2008 WL 510392, 2. Moreover, Plaintiff is entitled

to review his own statements. Therefore, Defendant's objection must be struck and a substantive response entered.

Requests #14, #15, #16 #17 and #19

Defendant objects to producing any correspondence regarding Plaintiff's claim, the policy at issue, or Defendant's processes and procedures for handling such claims on the basis that such information is attorney-client communication and work product. Beyond the fact that request explicitly does not seek attorney-client communications, the privilege cannot exist before the attorney-client relationship begins, and work product cannot apply prior to the anticipation of litigation to documents created in the regular course and scope of Defendant's business. The information requested by this Interrogatory would be part of the claims file, and, therefore, Plaintiff is entitled to review it. *McConnell*, 2008 WL 510392, 2. Plaintiff also has a substantial need to access the information to review the present sense impressions and contemporary statements considered in denial of the claim, in order to present his claim for vexatious refusal to pay. *McConnell*, 2008 WL 510392, 3 Therefore, Defendant's objection must be struck and a substantive response entered.

## CONCLUSION

Plaintiff has filed a first-party action against Defendant, based upon a contract of insurance. This action includes a claim for vexatious refusal to pay, which asserts that Defendant unfairly and improperly evaluated his claim for payment. Rather than produce its claims file and manual to demonstrate why its evaluation was correct, Defendant has objected to all attempts in written discovery to determine how it evaluated Plaintiff's claims and what upon that evaluation was based. Primarily, Defendant asserts the attorney-client and work product privileges to protect this information, despite that it had no attorney-client relationship and the

13

information was created and uncovered during the normal course of Defendant's business - not in anticipation of litigation. These objections are inapplicable and have been explicitly denied under Missouri and Federal law. Therefore, Defendant's objections must be overruled and it must provide the information requested.

WHEREFORE, Plaintiff Shawn Johnson prays this Court enter an Order compelling Defendant Farm Bureau Mutual Insurance Company to provide substantive responses to the Interrogatories and Request to Produce identified herein within 10 days, and such other and further relief this Court deems necessary and proper.

**SCHULTZ & MYERS LLC**

By /s/ Matthew T. Nagel
**Stephen R. Schultz, #MO59940**
**Matthew T. Nagel, #MO59542**
*Attorneys for Plaintiff*
13321 N. Outer 40 Road, Suite 800
Chesterfield, Missouri 63017
P. 314.744.8900
F. 314.720.0744
stephen@schultzmyers.com
matt@schultzmyers.com

# CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was served upon the parties by U.S. Mail, postage prepaid, this 1st day of October, 2012 to the following:

Mr. Russell F. Watters
Ms. Katherine Jacobi
1010 Market Street, 20th Floor
St. Louis, MO 63101-2000
P. 314.421.3400
F. 314.421.3128
*Attorneys for Defendant Farm Bureau Mutual Insurance Company*

              ___/s/ Matthew T. Nagel___